RENDERED:  APRIL 3, 2026; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1060-MR

723 VAPE, INC.; KENTUCKY HEMP
ASSOCIATION, INC.; KENTUCKY
VAPING RETAILERS
ASSOCIATION, INC. D/B/A
KENTUCKY SMOKE FREE
ASSOCIATION; OP MURSE
HOLDINGS, LLC; AND SMOKIN D'S
VAPOR AND LOUNGE LLC                                        APPELLANTS


                         APPEAL FROM FRANKLIN CIRCUIT COURT
v.              HONORABLE THOMAS D. WINGATE, JUDGE
                         ACTION NO. 24-CI-00374


ALLYSON TAYLOR, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
ALCOHOLIC BEVERAGE
CONTROL; COMMONWEALTH OF
KENTUCKY; AND MICHAEL G.
ADAMS, IN HIS OFFICIAL
CAPACITY AS KENTUCKY
SECRETARY OF STATE                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  This case arises from legislation enacted by the General Assembly as House Bill 11 ("HB 11").  It was signed into law by the Governor and became effective on January 1, 2025.  The subject of HB 11 is vapor products containing nicotine.  It specifically permits the sale of the following types of products:  1) those authorized by the federal Food and Drug Administration ("FDA"), or 2) products for which the manufacturer has received an FDA "safe harbor" certification.  HB 11 also omits language from Kentucky statutes that previously treated vapor products as distinct from nicotine products.   As a result of HB 11, some vendors were restricted in selling vapor products.  They are collectively referred to herein as Appellants.[1]

Appellants filed suit in Franklin Circuit Court contesting HB 11 as violative of the Kentucky Constitution.  Appellees are the Commonwealth of Kentucky, Secretary of State Michael G. Adams, and the Commissioner of the Kentucky Department of Alcoholic Beverage Control, Allyson Taylor.  Secretary Adams and Commissioner Taylor are represented in their official capacities.

The circuit court granted Appellees' motion to dismiss for failure to state a claim.  Appellants appeal to this Court as a matter of right.  For the following reasons, we AFFIRM.

---

[1]  Appellants also include vaping industry trade groups.

-2-

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo*." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.*

## ANALYSIS

Appellants argue that dismissal was improper, and that HB 11 violates Sections 51 and 2 of the Kentucky Constitution. Each provision will be discussed in turn. Section 51 of the Kentucky Constitution states:

> No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be reenacted and published at length.

Appellants generally argue that HB 11 violates Section 51 of the Kentucky Constitution because, while titled "AN ACT relating to nicotine products," it also references "other substances" throughout the legislation. This includes unauthorized products and non-nicotine vaping products. Therefore, Appellants allege that this violated the "one subject" requirement of Section 51. However,

-3-

Appellees correctly cite that, as a general matter, "if the title is sufficient to furnish 'a clue to its contents,' the constitutional provision is not violated." *Talbott v. Laffoon*, 79 S.W.2d 244, 247 (Ky. 1934) (citation omitted). *See also Commonwealth ex rel. Armstrong v. Collins*, 709 S.W.2d 437, 443-44 (Ky. 1986). In addressing this first argument, the circuit court reasoned as follows:

> HB 11's reference to "other substances" is not used in a manner outside of the context of the bill, but rather to logically indicate what is unauthorized. The Court agrees with [Appellees] that what is unauthorized is germane and naturally connected to what is authorized—specific nicotine vapor products. It is reasonable and practical to include both authorized and unauthorized products in a bill and the inclusion of "unauthorized products" is not "distinct and wholly disconnected." *Grayson Cnty. Bd. Of Edu.* [*v.*] *Casey*, 157 S.W.3d 201, 208 (Ky. 2005). The purpose of Section 51's title and one (1) subject requirement is to prevent "surprise and fraud." *Id*. Because the title "furnish[es] general notification of the general subject in the act," HB 11 does not violate Section 51 of the Kentucky Constitution. *Collins*, 709 S.W.2d at 443.

In support of their arguments on appeal, Appellants provide an interesting and meticulously cited history of the vapor industry, its products and concerns. However, Appellants have not presented this Court with any binding legal authority that would necessitate reversal. Therefore, in consideration of the arguments and authority presented, we affirm on this issue.

Section 2 of the Kentucky Constitution states that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a

republic, not even in the largest majority." Appellants allege that HB 11 is arbitrary and thus violates Section 2 of the Kentucky Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2] In addressing this argument, the circuit court reasoned as follows:

> In applying Section 2, the Kentucky Supreme Court has held that "[w]hatever is contrary to democratic ideals, customs and maxims is arbitrary." *Kentucky Milk Marketing v. Kroger Co.*, 691 S W 2d 893, 899 (Ky. 1985). "Likewise, whatever is essentially unjust and unequal or exceeds the reasonable and legitimate interests of the people is arbitrary." *Id.* "When economic and business rights are involved, rather than fundamental rights, substantive due process requires that a statute be rationally related to a legitimate state objective." *Stephens v State Farm Mutual Automobile Ins. Co.*, 894 S.W.2d 624, 627 (Ky. 1995).
>
> . . . .
>
> [T]he Court holds that HB 11 does not violate Section 2 of the Kentucky Constitution or the Due Process Clause of the Fourteenth Amendment because, HB 11 is not arbitrary and the General Assembly's decision to permit only the sale of FDA approved nicotine vapor products or products granted a safe harbor certification by the FDA is related to a legitimate state

---

[2] Appellants specifically argue that HB 11 violates Section 2 because it requires compliance with a non-existent standard. More precisely, Appellants allege that "no FDA regulatory pathway exists for vaping products which either do not contain nicotine, contain hemp-derived or marijuana-derived cannabinoids, or substances like *Nixodine* for which no FDA regulatory pathway exists." In addition to potential federal preemption concerns, Appellants do not provide any additional details regarding this specific allegation or explain what legal remedy this Court may lawfully impose to cure this alleged injury. And to the extent that the Fourteenth Amendment to the United States Constitution provides any additional or different basis for argument or remedy than does Section 2, it was either not specifically addressed by the trial court or is otherwise insufficiently developed in the present appeal.

> interest and is well within the scope of the General Assembly's police power over the health and safety of the Commonwealth's citizens.

The court's reasoning is sound. And the case law advanced by Appellants in support of their argument here is tangential and unpersuasive. *E.g.*, *Lawrence v. Pelton.*, 413 F. Supp. 3d 701, 714 (W.D. Mich. 2019); and *Planned Parenthood Great Northwest v. Cameron*, 603 F. Supp. 3d 501, 517-18 (W.D. Ky. 2022). *See also Planned Parenthood Great Northwest, Hawaii, Alaska, Indiana & Kentucky, Inc. v. Cameron*, No. 22-5832, 2023 WL 3620977, at *3 (6th Cir. May 24, 2023) (vacating the district court's injunction orders and remanding to the district court to dismiss as moot). In the absence of binding legal authority to the contrary, reversal is not required. Therefore, in consideration of the arguments, authority, and supplemental case law filed by Appellants, we affirm on this issue.

## CONCLUSION

Based on the foregoing, the Franklin Circuit Court's dismissal order is hereby AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Gregory Troutman
Louisville, Kentucky

BRIEF FOR APPELLEES:

Russell Coleman
Attorney General of Kentucky

Matthew F. Kuhn
John H. Heyburn
Assistant Attorneys General
Frankfort, Kentucky

Jennifer Scutchfield
Frankfort Kentucky

Jacob C. Walbourn
T. Chad Thompson
Frankfort, Kentucky